# NO. 12-21-00196-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUAN FRANCISCO ROMO,* *APPELLANT* | § | *APPEAL FROM THE 392ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Juan Francisco Romo appeals from his conviction for possession of a controlled substance. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with the offense of possession of a controlled substance, methamphetamine, in an amount of four grams or more but less than two hundred grams.[1] The indictment also included enhancement paragraphs for two previous felonies in 1999 and 2013 for possession of marijuana and driving while intoxicated, third or more. Appellant pleaded "not guilty." However, Appellant and the State agreed that if Appellant were found guilty, a twenty-five-year sentence would be imposed. The matter then proceeded to a jury trial. The evidence at trial showed that Appellant was found asleep in his vehicle in the parking lot of a post office in Poyner, Texas. Cliff Arnold, a Henderson County Sheriff's Office deputy, testified that he responded to a call for a welfare check when he found Appellant. Glass smoking

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (West Supp. 2021).

pipes were in the cup holder of the console in plain view. Deputy Arnold detained Appellant and searched the vehicle. He found a black container with a green leafy substance believed to be marijuana and a bluish-white substance, which was later confirmed to be 5.88 grams of methamphetamine. At the conclusion of trial, the jury found Appellant "guilty" as charged, and the trial court sentenced him to twenty-five years imprisonment. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[2] We have likewise reviewed the record for reversible error and have found none.

### CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby *granted* and the appeal is *affirmed*.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any

---

[2] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired, and no pro se brief has been filed.

petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered May 31, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2022**

**NO. 12-21-00196-CR**

**JUAN FRANCISCO ROMO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR20-0510-173)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*